FILED

RECEIVED

FEB 0 4 2025

U.S.MARSHALS W/TX DEL RIO

FEB 03 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America | ) | |
| Plaintiff(s), | ) | |
| | ) | Case No: 1:25-cr-51 |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | DR 25 M176 |
| Edward Martinez-Cermeno | ) | |
| Defendant(s), | ) | |

## ORDER

Initial appearance and removal proceedings held in open court on 1/28/25. Spanish interpreters Catalina Johnson, Jose Pina, and Roberto Mendoza present and sworn in. Defendant Edward Martinez-Cermeno appears in response to an arrest on 1/26/25 pursuant to a complaint and arrest warrant issued in the Western District of Texas. Based on review of the tendered financial affidavit, the Court finds that Defendant is unable to afford counsel. Enter Order appointing Attorney Kathleen Leon of the Federal Defender Program as counsel for Defendant for purposes of the removal proceedings in the Northern District of Illinois only. Defendant advised of the petty offense/misdemeanor charge and the maximum penalty, and he was informed of his rights and of prosecutorial obligations, all per Rule 58(b)(2). He was further advised of the provisions of Rule 20, out of an abundance of caution. The government makes an oral motion for detention under 18 U.S.C. § 3142(f)(2)(A). Defendant objected to the government's Section 3142(f)(2)(A) proffer, and for the reasons stated on the record, the Court finds that a detention hearing may not be held on the government's motion, as the government did not meet its burden by a preponderance of the evidence that the defendant is a serious flight risk. As no detention hearing may be held, the detention motion is denied. Defendant was admonished on the record of the terms and conditions of the release order. Defendant released on a $4,500.00 appearance bond with conditions. Enter Order Setting Conditions of Release. Defendant is ordered released after processing. Defendant waives the identity hearing. The Court enters a finding of identity. Terminated defendant Edward Martinez-Cermeno. Further, the Court found that under Fed. R. Crim. P. 5(c)(3)(D), grounds exist for transfer and commitment of this matter to the Western District of Texas for reasons stated on the record, including defendant's waiver of his right to an identity hearing. As stated on the record, the Court orders the defendant to appear as directed in the Western District of Texas, where the charges are pending, to answer those charges. Enter Order. The Court orders the defendant to appear for a hearing before the designated judge at a date, time, and format that is to be determined at the U.S. District Court, Western District of Texas, 111 East Broadway, Del Rio, Texas 78840. A status report from the government regarding the status of release and transfer is to be filed by noon on 2/4/25. As stated on the record at today's hearing, today's release order provides for defendant to be released from U.S. Marshals Service custody upon processing, meaning his release from criminal law enforcement custody must occur in the ordinary course and may not be delayed (so that his criminal law enforcement custody in this matter may not be prolonged) by the existence of any ICE civil administrative detainer request. See U.S. v. Valdez-Hurtado, 638 F. Supp. 3d 879, 888-97 (N.D. Ill. 2022).

(01:30)

Date: 1/28/2025

/s/ _____
Gabriel A. Fuentes
United States Magistrate Judge

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.2) (Chicago)
## CRIMINAL DOCKET FOR CASE #: 1:25-cr-00051-1

Case title: USA v. Martinez-Cermeno                    Date Filed: 01/27/2025

Other court case number:  25-M-176 Western District of Texas Del
                          Rio Division

Assigned to: Honorable Gabriel A. Fuentes

### Defendant (1)

**Edward Martinez-Cermeno**                 represented by   **Kathleen Leon**
*also known as*                                              55 E. Monroe St
Edward Martinez-Carmeno                                      Ste 2800
*TERMINATED: 01/28/2025*                                     Chicago, IL 60603
                                                             312-621-8300
                                                             Fax: 312-621-8399
                                                             Email: kathleen_leon@fd.org
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Designation: Public Defender or*
                                                             *Community Defender Appointment*

### Pending Counts                          ### Disposition

None

### Highest Offense Level (Opening)

None

### Terminated Counts                       ### Disposition

None

### Highest Offense Level (Terminated)

None

### Complaints                              ### Disposition

8:1325A.F ---- Improper Entry By Alien

### Plaintiff

| USA | | | represented by **Irene Hickey Sullivan** |
| --- | --- | --- | --- |

represented by **Irene Hickey Sullivan**
United States Attorney's Office for the Northern
Distri
219 S. Dearborn Street
Floor 5
Chicago, IL 60657
(312) 353-5342
Fax: US Govt Attorney
Email: irene.sullivan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Pretrial Services**
.
(312) 435-5793
Fax: Not a member
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
*ATTORNEY TO BE NOTICED*
*Designation: Pretrial Services*

| Date Filed | # | Select all / clear | Docket Text |
| --- | --- | --- | --- |
| 01/27/2025 | 1 | ☑ | RULE 5(c)(3) Affidavit in Removal Proceedings signed by Judge Honorable Gabriel A. Fuentes as to Edward Martinez-Cermeno (1). (ph, ) (Entered: 01/27/2025) |
| 01/27/2025 | 2 | ☑ | MINUTE entry before the Honorable Gabriel A. Fuentes as to Edward Martinez-Cermeno: Initial appearance scheduled for 3 p.m. on 1/27/25 but not held, per the government's representation that the arresting agency was not present in the Dirksen Courthouse to bring defendant to court. Hearing rescheduled to 11:45 am on 1/28/25 in Courtroom 1219. Mailed notice. (lxk, ) (Entered: 01/28/2025) |
| 01/28/2025 | | | ARREST of defendant Edward Martinez-Cermeno on 1/26/25. (ph, ) (Entered: 01/28/2025) |
| 01/28/2025 | | | ORAL MOTION by USA for detention as to Edward Martinez-Cermeno. (ph, ) (Entered: 01/29/2025) |
| 01/28/2025 | 3 | ☑ | ORDER as to Edward Martinez-Cermeno: Initial appearance and removal proceedings held in open court on 1/28/25. Spanish interpreters Catalina Johnson, Jose Pina, and Roberto Mendoza present and sworn in. Defendant Edward Martinez-Cermeno appears in response to an arrest on 1/26/25 pursuant to a complaint and arrest warrant issued in the Western District of Texas. Based |

on review of the tendered financial affidavit, the Court finds that Defendant is unable to afford counsel. Enter Order appointing Attorney Kathleen Leon of the Federal Defender Program as counsel for Defendant for purposes of the removal proceedings in the Northern District of Illinois only. Defendant advised of the petty offense/misdemeanor charge and the maximum penalty, and he was informed of his rights and of prosecutorial obligations, all per Rule 58(b)(2). He was further advised of the provisions of Rule 20, out of an abundance of caution. The government makes an oral motion for detention under 18 U.S.C. § 3142(f) (2) (A). Defendant objected to the government's Section 3142(f)(2)(A) proffer, and for the reasons stated on the record, the Court finds that a detention hearing may not be held on the government's motion, as the government did not meet its burden by a preponderance of the evidence that the defendant is a serious flight risk. As no detention hearing may be held, the detention motion is denied. Defendant was admonished on the record of the terms and conditions of the release order. Defendant released on a $4,500.00 appearance bond with conditions. Enter Order Setting Conditions of Release. Defendant is ordered released after processing. Defendant waives the identity hearing. The Court enters a finding of identity. Terminated defendant Edward Martinez-Cermeno. Further, the Court found that under Fed. R. Crim. P. 5(c)(3)(D), grounds exist for transfer and commitment of this matter to the Western District of Texas for reasons stated on the record, including defendant's waiver of his right to an identity hearing. As stated on the record, the Court orders the defendant to appear as directed in the Western District of Texas, where the charges are pending, to answer those charges. Enter Order. The Court orders the defendant to appear for a hearing before the designated judge at a date, time, and format that is to be determined at the U.S. District Court, Western District of Texas, 111 East Broadway, Del Rio, Texas 78840. A status report from the government regarding the status of release and transfer is to be filed by noon on 2/4/25. As stated on the record at today's hearing, today's release order provides for defendant to be released from U.S. Marshals Service custody upon processing, meaning his release from criminal law enforcement custody must occur in the ordinary course and may not be delayed (so that his criminal law enforcement custody in this matter may not be prolonged) by the existence of any ICE civil administrative detainer request. See U.S. v. Valdez-Hurtado, 638 F. Supp. 3d 879, 888-97 (N.D. Ill. 2022). Signed by the Honorable Gabriel A. Fuentes on 1/28/2025. Mailed notice (ph, ) (Entered: 01/29/2025)

| 01/28/2025 | 4 | | FINANCIAL Affidavit filed by Edward Martinez-Cermeno (SEALED). (ph, ) (Entered: 01/29/2025) |
| 01/28/2025 | 5 | ☑ | ORDER Appointing Counsel Kathleen Leon for Edward Martinez-Cermeno appointed. Signed by the Honorable Gabriel A. Fuentes on 1/28/2025. Mailed notice (ph, ) (Entered: 01/29/2025) |
| 01/28/2025 | 6 | ☑ | ATTORNEY Appearance for defendant Edward Martinez-Cermeno by Kathleen Leon. (ph, ) (Entered: 01/29/2025) |
| 01/28/2025 | 7 | | ORDER Setting Conditions of Release as to Edward Martinez-Cermeno in amount of $ 4,500.00, Unsecured. Signed by the Honorable Gabriel A. Fuentes on 1/28/2025. Mailed notice (ph, ) (Entered: 01/29/2025) |
| 01/28/2025 | 8 | | APPEARANCE Bond as to Edward Martinez-Cermeno in the amount of $ 4,500.00. (ph, ) (Entered: 01/29/2025) |
| 01/28/2025 | 9 | ☑ | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to |

| | | | Defendant Edward Martinez-Cermeno committed to Western District of Texas, Del Rio Division. Signed by the Honorable Gabriel A. Fuentes on 1/28/2025. Mailed notice (ph, ) (Entered: 01/29/2025) |
|---|---|---|---|
| 01/29/2025 | 10 | ☑ | CERTIFIED and Transmitted to Western District of Texas, Del Rio Division the transmittal letter as to Edward Martinez-Cermeno. (ph, ) (Entered: 01/29/2025) |
| 01/29/2025 | 11 | ☑ | MEMORANDUM Opinion and Order Signed by the Honorable Gabriel A. Fuentes on 1/29/2025. Mailed notice. (lxk, ) (Entered: 01/29/2025) |
| 01/30/2025 | 12 | ☑ | STATUS REPORT by USA as to Edward Martinez-Cermeno (Sullivan, Irene) (Entered: 01/30/2025) |

or

# United States District Court
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | NO. ~~25M150~~ 25 CR51 |
| | ) | |
| Edward Martinez-Carmeno | ) | |
| | ) | |
| | ) | |

### ORDER APPOINTING COUNSEL

The above-named defendant has testified under oath or has filed with the court an Affidavit of Financial Status and thereby satisfied this court that he or she is financially unable to employ counsel.

Accordingly, the FEDERAL DEFENDER PROGRAM is hereby appointed to represent this defendant in the above designed case unless relieved by an order of this court or by order of the court of appeals.

ENTER:

Date: _Jan. 28, 2025_ _____



FILED

JAN 28 2025

MAGISTRATE JUDGE
GABRIELA FUENTES

## U.S. District Court for the Northern District Of Illinois
### Attorney Appearance Form

Case Title: United States v. Edward Martinez-Carmeno

Case Number: 25M1762 15 425

An appearance is hereby filed by the undersigned as attorney for:

Edward Martinez-Carmeno

Attorney name (type or print): Kathleen Leon

Firm: Federal Defender Program

Street address: 55 E. Monroe Street, Suite 2800

City/State/Zip: Chicago, IL 60603

Bar ID Number: 1025531
(See item 3 in instructions)

Telephone Number: 3126218341

Email Address: Kathleen_Leon@fd.org

Are you acting as lead counsel in this case?     [✓] Yes   [ ] No

Are you acting as local counsel in this case?    [ ] Yes   [✓] No

Are you a member of the court's trial bar?       [ ] Yes   [✓] No

If this case reaches trial, will you act as the trial attorney?   [✓] Yes   [ ] No

If this is a criminal case, check your status.
[ ] Retained Counsel
[✓] Appointed Counsel
If appointed counsel, are you
[✓] Federal Defender
[ ] CJA Panel Attorney

In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by local rules 83.12 through 83.14. I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C.§1746, this statement under perjury has the same force and effect as a sworn statement made under oath.

Executed on 1/27/2025

Attorney signature:   S/ Kathleen Leon

(Use electronic signature if the appearance form is filed electronically.)

Revised 8/1/2015

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | ) | |
|---|---|---|
| United States of America | ) | Case No. 25 CR 51 |
| v. | ) | |
| Edward Martinez-Cermeno | ) | Charging District: **Western District of Texas** |
| *Defendant* | ) | Charging District's Case No. 25-M-176 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

Place: U.S. District Court, Western District of Texas, Del Rio
Division, 111 East Broadway
Del Rio, Texas 78840

Courtroom No.: As directed

Date and Time: As directed

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 1/28/2025

_____
*Judge's signature*

Gabriel A. Fuentes, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 25 CR 51 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD MARTINEZ-CERMENO, | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

As it is "emphatically the province and duty of the judicial department to say what the law is," *Marbury v. Madison*, 5 U.S. 137, 177 (1803), the undersigned magistrate judge takes this opportunity to explain the Court's January 28, 2025, decision releasing Defendant Edward Martinez-Cermeno ("Defendant") under a release order without holding the hearing sought by the government under 18 U.S.C. § 3142(f)(2)(A) as a "serious risk of flight." The matter of release or detention of Defendant before trial is within the under the original jurisdiction conferred on the magistrate judge by the U.S. Congress under 28 U.S.C. § 636(a)(2). On January 28, the Court held a detention hearing after Defendant's January 26 arrest in this district under a criminal complaint issued in the Western District of Texas alleging a misdemeanor charge of entering the United States unlawfully in violation of 8 U.S.C. § 1325(a)(1). At the hearing, the government moved for detention, but under the Bail Reform Act, no defendant may be detained without a hearing, and Congress has prescribed specifically seven circumstances under which a hearing may be held. *See* 18 U.S.C. §§ 3142(f)(1)(A-E)), 3142(f)(2)(A-B). The ground under which the government sought the detention hearing was that Defendant posed a

1

"serious risk of flight," per Section 3142(f)(2)(A). The Court denied the government's motion to detain Defendant because the government failed to meet its "preponderance of the evidence burden," on its motion, of establishing that this case "involves a serious risk that such person will flee."

First, as a general matter, under the law applicable to this case on a motion for pre-trial detention, the U.S. Supreme Court has instructed that "[i]n our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The applicable federal statute governing pre-trial detention or release is the Bail Reform Act ("the Act"). 18 U.S.C. § 3142, et seq. The Act allows a defendant to be detained in custody pending trial "[i]f, *after a hearing pursuant to the provisions of subsection (f) of this section*, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1) (emphasis added). In other words, the Act bars the judicial officer from holding anyone in pre-trial criminal detention without a detention hearing held as prescribed in Section 3142(f). *Id.*

Second, the U.S. Congress, in the Act, did not provide that Courts always must conduct detention hearings whenever the government requests one. Rather, the Congress enumerated specifically the circumstances under which the detention hearing may take place. The first five circumstances stem from the nature of the charged offense, but none of those circumstances apply here, because entering the country unlawfully in violation of 8 U.S.C. § 1325(a)(1) is not among the types of offenses listed in Section 3142(f)(1)(A-E)

of the Act. Here, the nature of the charge against Defendant left the government with only two possible avenues to a detention hearing, namely, that the case "involve[d]" either a "serious risk that the such person [the Defendant] will flee," under Section 3142(f)(2)(A), or a serious risk that the Defendant will obstruct justice or threaten, injure, or intimidate a prospective witness or juror (or attempt to do so), under Section 3142(f)(2)(B). Congress, in enacting the Act, did not create other options. It did not leave the Court or the government with discretion to hold detention hearings in any other circumstances. Again, the government sought a detention hearing for Defendant under Section 3142(f)(2)(A). As a result, it was the government's burden to establish by a preponderance of the evidence that the case does involve a serious risk that Defendant will flee; the later determination of whether Defendant should be detained under the Act is a separate step that is not reached if no hearing can be held. *United States v. White*, 3:21-mj-4970, 2021 WL 2155441, at *4 (M.D. Tenn. May 27, 2021). If a court finds that the government does not meet the Act's threshold condition that a detention hearing may be held, a defendant cannot be detained. *Id.*

Section 3142(f)(2)(A) does not define "serious" in this context. In recent years, federal courts have had increasing opportunity to consider and apply this section to arguments in criminal cases – and in the immigration context – that the cases of various defendants did or did not involve serious flight risk of flight, for purposes of determining whether a detention hearing must be held. For example, in *United States v. Figueroa - Alvarez*, 681 F. Supp. 3d 1131 (D. Idaho 2023), currently a leading case, the court described "serious" risk of flight under Section 3142(f)(1)(A) as "a great risk – beyond average – that the defendant will intentionally and actively move within or outside the jurisdiction to

avoid court proceedings or supervision." *Id.* at 1138; *see also United States v. Erazo-Calix*, No. 1:24-cr-00150-AKB, 2024 WL 4505038, at *3-4 (D. Idaho. Oct. 16. 2024) (rejecting government's argument to overrule *Figueroa-Alvarez*); *United States v. Romero-Martinez*, No. 3:23-CR-176 (JAM), 2024 WL 965150, at *4 (D. Conn. Mar. 6, 2024) (applying *Figueroa-Alvarez* definition of "serious risk of flight" and finding that even a defendant's repeated illegal re-entries into the country did not establish serious risk of flight but rather showed defendant's "primary motive" to stay in the United States "where he is subject to prosecution"). As the government agreed at the hearing in this case, the government has the burden of establishing that the case involves a serious risk of flight, and that burden is by a preponderance of the evidence. *See White*, 2021 WL 2155441, at *3.

The risk referenced in Section 3142(f)(2)(A), by the way, is not that defendants will not appear in their criminal cases *involuntarily* upon being taken into civil immigration custody for removal from the United States, but that they will *voluntarily flee*. As courts recently have observed, the risk of "nonappearance" is different from the risk of "flee[ing]" under the Act. *White*, 2021 WL 2155441, at *10. Flight from a court's jurisdiction involves a volitional act, so as a result, the fact that a defendant is a removable immigrant subject to deportation or removal does not categorically result in pre-trial detention in a criminal case under the Act. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017); *United States v. Marinez-Patino*, No. 11 CR 064, 2011 WL 902466, at *1 (N.D. Ill. Mar. 14, 2011). The idea that a person lacking immigration status in the country automatically will or must be detained under the Act lacks support in the law. Accordingly, Defendant's immigration status and removability has some bearing on assessing the

person's community ties under the Act, *United States v. Odeyale*, No. 24-4042, 2024 WL 2747542, at *4 (10th Cir. May 29, 2024), but it does not mandate detention.

Getting back then to the question of the government's motion for a detention hearing on January 28 in this case, the circumstances here are as follows:

- The government charged Defendant with Section 1325(a)(1) of Title 8, and as a first offense, making this a misdemeanor case in which the maximum term of imprisonment is six months, and in which probation would be an option;

- In fact, the government confirmed at the hearing that the charge is a petty offense;

- Defendant proffered that he has an April 2026 appointment for processing of his asylum application, which may or may not be denied or approved, but he does have an appointment along with temporary protected status, meaning he has some stake in being in the country and trying to complete his application successfully so that he may stay in the country;

- Nothing was proffered about how a misdemeanor or petty offense conviction might affect his chances on his asylum application, but in any event, persons charged with crimes are presumed innocent until proven guilty, in a long legal tradition as old as the country itself;

- Defendant proffered some community ties, namely that he has been living with his girlfriend, an elementary school teacher, in suburban Schaumburg, where he lives with her and her parents. Her father owns a construction company in the Chicago area; moreover, the government did not proffer any facts to indicate that Defendant possessed the means to flee to his native Venezuela;

- Pretrial Services checked his criminal record and found no criminal convictions and one arrest, failure to appear, and warrant from Cook County stemming from a single felony theft charge from January and February of 2024, and the only information the government had on that case is that Defendant did not appear on or about January 26, 2024, that a warrant was issued on February 23, 2024, and that the case remains pending;

- The government proffered that on or around the time of his arrest in this case, defendant was questioned about a September 2024 murder in Chicago, but the government stopped short of calling him a target or suspect in that investigation, calling him only a "subject."

Of the above factual circumstances, the most concerning is the Cook County failure to appear from a year ago. But that is one single failure to appear. The Court would have

given it greater weight if the charge underlying this prosecution had been more serious or carried a greater penalty. Section 1325(a) allows for a felony charge upon a subsequent unlawful entry, but that was not charged. Section 1326 allows felony prosecutions of persons who re-enter the country without the express written consent of the Attorney General or the Secretary of Homeland Security, after a prior deportation, but that was not charged. What was charged was a petty offense. The probationable petty offense charge in this case does not come anywhere close to establishing a serious flight risk in this case and works against that proposition, particularly not if they offer unrebutted evidence that they have a place to stay in the United States and persons who support them. At least in this case, under the individualized circumstances and a context in which the law requires an individualized determination by the Court under the applicable provisions of the Act as interpreted by federal courts, the Court could not find that the government met its burden of establishing that the case involves a serious risk of flight under Section 3142(f)(2)(A). The Court therefore denied the government's motion – by following the law.

Finally, the Court also had to note on the record at the hearing that the law does not permit civil immigration "detainer" requests to prolong the pre-trial criminal custody or detention of defendants who are ordered release under judicial release orders under the Act. The Court needed to mention this subject because the existence of such a detainer request was mentioned by the government, which also represented that it may delay Defendant's release in this case. With the greatest respect, that supposition is founded in an inaccurate understanding of the law. As this Court has explained in great detail, citing substantial federal statutory and case law addressing the intersection between civil immigration enforcement and federal pretrial detention under the criminal law, criminal detention of a

person may not be prolonged as a result of an ICE civil immigration administrative law detainer. *See United States v. Valdez-Hurtado*, 638 F. Supp. 879, 888-97 (N.D. Ill. 2022) (citing cases). The Court has no reason to believe that Defendant's criminal pre-trial custody in this case was so prolonged, and circumstances of Defendant's administrative detention, if any, after release from criminal pre-trial detention were not and are not before the Court.

**SO ORDERED.**

ENTER:

**GABRIEL A. FUENTES**
**U.S. Magistrate Judge**

**Dated: January 29, 2025**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDWARD MARTINEZ-CERMENO

No. 25 CR 51

Honorable Gabriel A. Fuentes

## STATUS REPORT

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, submits this status report and states as follows:

1.     On January 21, 2025, defendant EDWARD MARTINEZ-CERMENO was charged by complaint in the United States District Court for the Western District of Texas. The complaint charged defendant with one count of entering the United States illegally at a time and place other than as designated by Immigration Officers, in violation of Title 8, United States Code, Section 1325(a)(1). R. 1.

2.     On January 26, 2025, defendant was arrested in the Northern District of Illinois. R. 2.

3.     On January 28, 2025, an initial appearance and removal hearing was held. R. 3. The Court advised defendant of the charge against him, the maximum penalty, his rights, and of prosecutorial obligations. *Id.* The Court further advised defendant of the provisions of Rule 20 of the Federal Rules of Criminal Procedure. *Id.* The Government moved for detention under 18 U.S.C. § 3142(f)(2)(A), and the Court ruled that a detention may not be held on the government's motion, concluding that

the government did not meet its burden by a preponderance of the evidence that defendant is a serious risk of flight. *Id.* The Court ordered defendant released from U.S. Marshals Service custody upon processing. *Id.* The Court further ordered defendant to appear for a hearing before the designated judge at a date, time, and format this is to be determined at the U.S. District Court for the Western District of Texas. *Id.*

4.    In its minute order following the initial appearance and removal hearing, the Court ordered the government to submit a status report regarding the release and transfer of defendant. R. 3.

5.    Upon processing, defendant was immediately taken into the custody of U.S. Immigration and Customs Enforcement ("ICE"). According to the inmate locator at ice.gov, he is currently detained at Clay County Justice Center in Brazil, Indiana.

Dated: January 30, 2025          Respectfully submitted,

                                 MORRIS PASQUAL
                                 Acting United States Attorney

                    By:    */s/ Irene Hickey Sullivan*
                           Irene Hickey Sullivan
                           Assistant U.S. Attorney
                           219 South Dearborn Street, 5th Floor
                           Chicago, Illinois 60604
                           (312) 353-5300

**FILED**

1/27/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AUSA Irene Hickey Sullivan (312) 371-7785

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDWARD MARTINEZ-CERMENO,
also known as "Edward Martinez-Carmeno"

Case No.: 25 CR 51
GABRIEL A. FUENTES
Magistrate Judge

## AFFIDAVIT IN REMOVAL PROCEEDING

I, MATTHEW STOCHELSKI, appearing before United States Magistrate Judge GABRIEL A. FUENTES by telephone and being duly sworn under oath, state that as a federal law enforcement officer I have been informed that EDWARD MARTINEZ-CERMENO, also known as "Edward Martinez-Carmeno", has been charged by Complaint in the Western District of Texas with the following criminal offense: unlawful entry into the United States, in violation of Title 8, United States Code, Section 1325(a)(1).

A copy of the Complaint is attached. A copy of the arrest warrant also is attached.

MATTHEW S STOCHELSKI
Digitally signed by MATTHEW S STOCHELSKI
Date: 2025.01.27 11:29:56 -06'00'

MATTHEW STOCHELSKI
Special Agent
Homeland Security
Investigations

SWORN TO AND AFFIRMED by telephone this 27th day of January, 2025.

GABRIEL A. FUENTES
United States Magistrate Judge

⌐COPY

AO91 (Rev. 12/03)  Criminal Complaint                                        AUSA

# UNITED STATES DISTRICT COURT

_____ Western District Of Texas Del Rio Division _____

**FILED**

January 21, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY ____ MG CIENEGA ____
DEPUTY

**UNITED STATES OF AMERICA**

**vs.**

Edward Anthoam MARTINEZ-Cermeno
AKA Edward MARTINEZ-Carmeno

**CRIMINAL COMPLAINT**

Case Number:

DR:25-M-176 RECEIVED

JAN 21 2025

U.S. MARSHALS W/TX DEL RIO

I, the undersigned complainant state that the following is true and correct to the best of my

knowledge and belief. On or about ___ September 11, 2023 ___ in ___ Maverick ___ County, in

the _____ Western District Of Texas _____ defendant(s),

an alien, did knowingly and willfully enter the United States at a time and place other than as designated by Immigration Officers for entry into the United States, a misdemeanor,

in violation of Title ___ 8 ___ United States Code, Section(s) ___ 1325(a)(1) ___

I further state that I am a(n) ___ Border Patrol Agent ___ and that this complaint is based on the

following facts:

On or about September 11, 2023 , the defendant, Edward Anthoam MARTINEZ-Cermeno, an alien who is a native and citizen of Venezuela , entered the United States illegally from the Republic of Mexico by crossing the Rio Grande River at a time and place other than as designated by Immigration Officers near Eagle Pass, Texas.

A true copy of the original, I certify
Clerk, U.S. District Court

By _____
Deputy Clerk

Continued on the attached sheet and made a part of this complaint:      ☐ Yes   ☒ No

Signature of Complainant

Quezada, Emanuel
Printed Name of Complainant

Sworn to before me and signed in my presence,

January 21, 2025                               at      Del Rio, Texas
Date                                                  City/State

Joseph Cordova                    U.S. Magistrate Judge
Name of Judge                      Title of Judge                    Signature of Judge

AO-442(REV.12/85)

**FILED**

January 21, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY  MG CIENEGA
DEPUTY

# United States District Court

Western District Of Texas

UNITED STATES OF AMERICA
V.

Edward Anthoam MARTINEZ-Cermeno
AKA Edward MARTINEZ-Carmeno

**WARRANT FOR ARREST**

CASE NUMBER:

## DR:25-M-176

**To: The United States Marshal**
**and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest <u>Edward Anthoam MARTINEZ-Cermeno</u>
and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☒ Complaint   ☐ Order of Court   ☐ Violation Notice   ☐ Probation Violation

charging him or her with (brief description)

On or about September 11, 2023 , the defendant,  Edward Anthoam MARTINEZ-Cermeno, an alien who is a native
and citizen of  Venezuela , entered the United States illegally from the Republic of Mexico by crossing the Rio Grande
River at a time and place other than as designated by Immigration Officers near Eagle Pass, Texas.

A true copy of the original I certify,
Clerk, U.S. District Court

By
Deputy Clerk

in violation of Title  <u>8</u>  United States Code, Section(s)  <u>8  1325(a)(1)</u>

Joseph Cordova
Name of Issuing Officer

Signature of Issuing Officer

Bail fixed at $  <u>Detain</u>

U.S. Magistrate Judge
Title of Issuing Officer

01/21/2025   Del Rio, Texas
Date and Location

by   *Joseph A Cordova*
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| Del Rio, Texas | | |
| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| 01/21/2025 | Quezada, Emanuel | |
| Date of Arrest | Agent | |
| September 11, 2023 | | |

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.2)
### Eastern Division

UNITED STATES OF AMERICA

                       Plaintiff,

v.                                     Case No.: 1:25−cr−00051
                                     Honorable Gabriel A. Fuentes

Edward Martinez−Cermeno

                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 27, 2025:

      MINUTE entry before the Honorable Gabriel A. Fuentes as to Edward
Martinez−Cermeno: Initial appearance scheduled for 3 p.m. on 1/27/25 but not held, per
the government's representation that the arresting agency was not present in the Dirksen
Courthouse to bring defendant to court. Hearing rescheduled to 11:45 am on 1/28/25 in
Courtroom 1219. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.